IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| 5171 CAMPBELLS LAND CO., INC., | ) | Bankr. Case. No. 19-22715-CMB |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ------------------------------------------------- | ) | |
| | ) | |
| ROBERT S. BERNSTEIN, as Plan | ) | Adversary Proceeding No. 21-02063 |
| Administrator for the Creditors Trust | ) | |
| Under the Debtor's Confirmed Plan, | ) | Civil Action No. 1:21-cv-216 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MEYER, UNCOVIC & SCOTT LLP, | ) | |
| a Pennsylvania Limited Liability | ) | |
| General Partnership, and ROBERT E. | ) | |
| DAUER, JR., an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

**Susan Paradise Baxter, District Judge**

  Presently pending in the above-captioned case is a motion by Defendants Meyer, Unkovic & Scott LLP (the "Law Firm") and Robert E. Dauer, Jr. ("Dauer") asking this Court to immediately withdraw the reference of Adversary Proceeding No. 19-22715-CMB (the "Adversary Proceeding") to the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court"). Also pending is a motion by Plaintiff, the Plan Administrator for the Creditors Trust under the Debtor's confirmed plan, to withdraw reference of the Adversary Proceeding for purposes of trial only. For the reasons that follow, Plaintiff's motion will be granted and Defendants' motion will be denied without prejudice.

1

**I.      Background**

On July 8, 2019, the debtor in the underlying bankruptcy case -- 5171 Campbells Land Co., Inc. ("Debtor") -- filed a voluntary petition under Chapter 11 of the Bankruptcy Code styled *In Re: 5171 Campbells Land Co., Inc*., Bankruptcy No. 19-22715-CMB (Bankr. W.D. Pa.).  On November 12, 2019, Debtor filed its Plan of Liquidation, which was confirmed by the Bankruptcy Court in an order dated March 18, 2020.  See Bankr. Docket at ECF Nos. 308, 435. In relevant part, the Plan of Liquidation creates a trust for the benefit of creditors and is to be overseen and implemented by a Plan Administrator.

On July 6, 2021, Robert S. Bernstein, acting as the Plan Administrator for the Creditors Trust under the Debtor's confirmed plan ("Plaintiff"), filed the within Adversary Proceeding against the Law Firm and Dauer (collectively, "Defendants"), asserting claims of professional negligence and legal malpractice.  At issue are the legal services and advice that Defendants rendered in connection with the Debtor's efforts to acquire real estate and franchise rights for the purpose of operating various Perkins restaurants.

The gravamen of Plaintiff's complaint is that, by virtue of the Defendants' negligent acts and/or omissions, Debtors' rights and financial interests were compromised, and its business failed to operate in a profitable manner.  Defendants have filed a motion to dismiss in this Court, claiming that the complaint fails to state a claim upon which relief can be granted.  See ECF No. 4.

Separately, Defendants filed a motion to immediately withdraw reference of the Adversary Proceeding so that this Court can preside over all pretrial aspects of the proceeding, as well as the trial, should Plaintiff's claims proceed that far.  ECF No. 1.  Plaintiff filed a cross-motion seeking withdrawal of the reference, but only for purposes of trial.  ECF No. 6.

2

**II.     Discussion**

By statute, federal district courts possess original and exclusive jurisdiction over all cases under the Bankruptcy Code, and original but not exclusive jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a), (b). The district court may, in turn, refer these proceedings to the bankruptcy court for disposition, *see* 28 U.S.C. §157(a), which is what has occurred in this judicial district pursuant to the Court's Standing Order dated October 16, 1984, entitled "Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc."

Pursuant to 28 U.S.C. §157(d), a district court "may withdraw, in whole or in part, any case or proceeding" previously referred "for cause shown." Moreover, a district court "shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.* Thus, the statute sets forth bases for withdrawal which are both mandatory and discretionary. *See In re Smalis,* Civil Action No. 15-1474, 2016 WL 1639673, at *1 (W.D. Pa. April 26, 2016).

In order for mandatory withdrawal of the reference to apply, three conditions must be met, *to wit*: "'1) the person seeking withdrawal must be a party to the proceeding; 2) the motion to withdraw the reference must be timely filed; and 3) resolution of the proceeding must require consideration of both the Bankruptcy Code and of non-bankruptcy federal statutes regulating interstate commerce.'" *In re Smalis,* 2016 WL 1639673, at 1 (quoting *In re Camden Ordnance Mfg. Co. of Arkansas, Inc.*, 245 B.R. 794, 805-06 (E.D. Pa. 2000)). Here, the third condition is absent, as the Adversary Proceeding raises only state law claims. Accordingly, mandatory withdrawal does not apply.

3

With respect to discretionary or permissive withdrawal, the Court must determine whether sufficient "cause" for withdrawal has been "shown." 28 U.S.C. §157(d). The United States Court of Appeals for the Third Circuit has held that five factors are relevant to this inquiry, namely: (1) promoting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor/creditor resources; (4) expediting the bankruptcy process; and (5) timing of the request for withdrawal. *See In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990). "'In addition, [a] court's exercise of discretion to withdraw is guided by whether (i) the underlying proceeding involves core or non-core claims, and (ii) any party has asserted a right to a jury trial to which it is constitutionally entitled.'" *In re Forks Specialty Metals Inc.*, No. AP 19-28, 2020 WL 2098099, at *2 (E.D. Pa. May 1, 2020) (*quoting In re Earth Pride Organics, LLC*, 602 B.R. 1, 12-13 (E.D. Pa. 2019)) (additional internal quotation marks omitted; alteration in the original). Ultimately, the party seeking to withdraw the reference bears the burden of demonstrating the propriety of withdrawal. *See In re Smalis,* 2016 WL 1639673, at *2 (citing authority); *In re Princeton Alternative Income Fund, LP,* Civil Action No. 18-9894, 2018 WL 4854639, at *2 (D.N.J. Oct. 4, 2018).

As a preliminary matter, the Court concludes -- and the parties agree -- that the Adversary Proceeding involves a non-core proceeding. Certain types of proceedings are statutorily designated as "core proceedings," *see* 28 U.S.C. §157(b)(2), but none of those categories seemingly apply here. In addition, the Third Circuit Court of Appeals has stated that "a proceeding is core . . . if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *CoreStates Bank, N.A. v. Huls Am., Inc*., 176 F.3d 187, 196 (3d Cir. 1999) (internal quotation marks and citations omitted). Such is not the case here, as Plaintiff's pleading invokes only state law causes of

4

action that could plainly arise outside the context of a bankruptcy case. *See In re Carpenter,* Civil Action No. 12-21, 2012 WL 5990222, at *3 (W.D. Pa. Nov. 30, 2012) ("[A] core proceeding would not exist independently of a bankruptcy proceeding.").

Importantly, "[a] bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to the case under [T]itle 11." *In re Princeton Alternative Income Fund, LP,* 2018 WL 4854639, at *1 (internal quotation marks and citation omitted) (alteration in the original). In a non-core proceeding, however, the bankruptcy court must submit proposed findings of fact and conclusions of law to the district court for *de novo* review and entry of a final judgment. *Id.* (citing authority). In addition, the bankruptcy court may conduct a jury trial with the "express consent of all the parties." *Id.* at *1 n.2 (quoting 28 U.S.C. §157(e)).

In this case, both Plaintiff and Defendants have demanded a jury trial on the claims set forth in the Adversarial Complaint. Neither side has consented to trial by the Bankruptcy Court. As a general matter, however, sufficient "cause" for discretionary withdrawal is not established by the mere fact that the movant demands a jury trial and has not consented to trial in the bankruptcy court. As the court explained in *In re Princeton Alternative Income Fund, LP*:

> That a district court will ultimately preside over the jury trial is insufficient to demonstrate cause because "there is no reason why the Bankruptcy Court may not preside over [the] [A]dversary [P]roceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial." *Youngman v. Hoffman*, No. 09-4330, 2009 WL 3260639, at *1 (D.N.J. Oct. 9, 2009) (citation omitted).

2018 WL 4854639, at *3. District courts confronted with these situations typically decline to withdraw the adversarial proceeding until the underlying dispute is trial-ready. *See id.* at *3 (allowing defendants to file a renewed motion to withdraw the reference "if or when a jury trial becomes necessary"); *see also GGC, LLC v. Indus. Risk Insurers (In re GGC, LLC),* Civil Action No. 06-881, 2006 U.S. Dist. LEXIS 69163, at *6-7 (endorsing the view that "[i]t is appropriate, efficient, and logical that withdrawal of the reference . . . can be deferred until the case is trial

5

ready[,]" and denying the motion to withdraw without prejudice to be reasserted at such time); *In re Carpenter,* 2012 WL 5990222, at *4 ("Overall, the [*Pruitt*] factors suggest that not withdrawing the reference at this time is the proper course of action.  However, Carpenter's right to a jury trial must be preserved.  Therefore, the bankruptcy court is directed to conduct all pretrial proceedings, and to notify this court when the case is ready to proceed to trial.").  In fact, "[s]everal courts have found that only truly exceptional and compelling circumstances warrant a withdrawal of reference." *In re Forks Specialty Metals Inc*., 2020 WL 2098099,  at *2 (citing authority) (internal quotation marks and citation omitted).

      Here, the Court is not persuaded that withdrawing reference of the Adversary Proceeding is warranted at this time.  Defendants' arguments in favor of withdrawal relate primarily to concerns about judicial economy, fostering the economic use of the parties' resources, and expediting the bankruptcy process.  In that regard, Defendants posit that "[t]he Bankruptcy Court has no advantage in presiding over the discovery and pretrial proceedings and motions in the case, as it is not already familiar with the underlying facts, claims or legal issues."  ECF No. 2 at 12.  "Nor," they say, "is there any benefit in having the Bankruptcy Court issue advisory rulings in this case, only to have the District Court then duplicate the work as the ultimate decision-maker."  *Id*.  Defendants reason that "[t]he Bankruptcy Court is not inherently more familiar with the elements of a legal malpractice case or the duties of care, standards of care or the procedural and substantive legal defenses that will be raised.  *Id*. at 12-13.  And, they claim, "bankruptcy courts do not commonly hear cases which involve lengthy complex trials with extensive examination of documents and expert testimony."  *Id*. at 13.  Defendants contend that "[the Bankruptcy Court's] role in issuing advisory rulings may slow down the ultimate resolution of the case."  *Id*. at 13.  "Efficiency," they argue, "is not served by having the Bankruptcy Court

6

become educated about a case of this complexity, only to transfer the case to the District Court for reeducation, a de novo review and jury trial." *Id*. at 13.  Instead, Defendants believe that "it would be far more economical for all parties and the Court itself for the District Court to accept the case from the outset, to consider all dispositive and pretrial motions and, in the event the case survives to trial, then proceed to a jury trial." *Id*. at 13.

  These arguments are unpersuasive.  As Plaintiff points out, the Bankruptcy Court presided over the Debtor's bankruptcy proceedings for more than two years and has no doubt acquired substantial familiarity with the Debtor, its business, its assets, and its liabilities, which will likely be helpful in adjudicating issues related to the Adversary Proceeding.  Notably, Perkins is a material creditor of Debtor's bankruptcy estate, and the complaint in this matter largely concerns alleged actions or omissions on Defendants' part relative to the Debtors' business relationship and dealings with Perkins.  In particular, Defendants allegedly served as counsel for the Debtor in connection with the Debtor's purchase of Perkins franchise rights and in connection with the later termination of those same franchise rights.

  Nor is there any reason to believe that the Bankruptcy Court is less capable of presiding over the Adversarial Proceeding because of the inherent nature of its docket.  Indeed, it is well within the ken of bankruptcy courts to preside over complex and protracted proceedings.  *See, e.g., Feldman as Tr. of Est. of Image Masters, Inc. v. ABN AMBRO Mortg. Grp., Inc*., No. 19-MC-131, 2020 WL 618604 at *2 (E.D. Pa. Feb. 10, 2020) (discussing how the bankruptcy court presided for many years over a complex fraud cases against various lending institutions, which included numerous amendments of the pleading, lengthy fact discovery, and expert discovery); *In re AgFeed USA, LLC*, 565 B.R. 556 (D. Del. 2016) (bankruptcy court presided over adversary proceeding alleging professional negligence, malpractice, and breach of contract on the part of

debtor's accountants); *see also In re Portnoy*, No. AP 15-37, 2017 WL 3141186, at *5 (E.D. Pa. July 24, 2017) ("Courts routinely permit the bankruptcy court to oversee pretrial matters, even in proceedings involving non-core claims to which a party has a jury trial right.") (citing cases). Here, the Court has every confidence that the Bankruptcy Court will preside over the pretrial aspects of the Adversarial Proceeding in a competent and efficient manner.

Moreover, withdrawal of the Adversary Proceeding should not be predicated upon the fact that this Court may have to subsequently review findings of the Bankruptcy Court on a *de novo* basis. As one court has observed:

> it is well settled that "[p]roceedings should not be withdrawn for the sole reason that they are non-core. The 'cause shown' requirement in section 157(d) creates a 'presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court unless rebutted by a contravening policy.'" *Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec. Corp.*, 106 B.R. 367, 371 (D. Del. 1989) (quotations omitted). The recommendation process that Defendants now disparage as unwieldy "is the exact mechanism that 28 U.S.C. § 157(c)(1) .... contemplates and that has long been used by bankruptcy and district courts across the country." *In re DBSI, Inc*., 467 B.R. 767, 775 (D. Del. 2012). Thus, Defendants' "concerns about judicial economy were undoubtedly considered when § 157 was enacted." *Id*. "[T]he possibility that the parties may be required to litigate the matter twice, once before the Bankruptcy Court and once before the District Court on appeal, does not necessarily mean it is a more efficient use of the parties' resources to simply have the District Court decide a core proceeding every time, as this would frustrate the purpose of the reference to the Bankruptcy Court." *In re GEO Specialty Chems., Inc*., Civ. A. Nos. 16-8405, 8463, 2017 WL 66387, at *4 (D.N.J. Jan. 5, 2017); *see also 400 Walnut Assocs*., 2015 WL 390455, at *4 ("[W]ithdrawing the reference here would not effectively prevent an unnecessary duplication of effort . . . but rather would be a waste of the Bankruptcy Court's familiarity with the underlying facts and legal issues.").

*Feldman as Tr. of Est. of Image Masters, Inc*., 2020 WL 618604, at *5; *accord In re Forks Specialty Metals Inc*., 2020 WL 2098099, at *3 (rejecting defendants' assertion that, if reference is not withdrawn, the district court would have to expend judicial resources conducting a *de novo* review of the bankruptcy court's findings of fact and conclusions of law regarding the adversarial proceeding; court noting that "the same could be said of all dispositive rulings in all

8

non-core proceedings in bankruptcy court," and the defendants' "argument would prevent any non-core matter from ever[ ] being referred to the bankruptcy court.") (internal quotation marks and citation omitted) (alteration in the original).   To the extent this Court may eventually have to conduct a *de novo* review any part of the Adversarial Proceeding, the Court's review process will no doubt benefit from having the added perspective of the Bankruptcy Court.  Accordingly, the Court does not view the potential for such *de novo* review as a factor favoring withdrawal.

Nor is the Court persuaded that the remaining concerns outlined in *Pruitt* weigh significantly in favor of withdrawing reference of the Adversary Proceeding.  In terms of promoting uniformity of bankruptcy administration, the Court finds that the Bankruptcy Court's familiarity with the underlying bankruptcy proceedings, including the Debtor, its assets, its liabilities, and its creditors, places that court in a better position to ensure the desired uniformity.

With respect to possible forum shopping, the Court does not have concerns that either Plaintiff or Defendants acted with such motivation in choosing where to initiate the Adversary Proceeding or in seeking immediate withdrawal of the proceeding to this Court.  Nevertheless, "[c]ourts should employ withdrawal judiciously 'in order to prevent it from becoming just another litigation tactic for parties eager to find a way out of bankruptcy court.'"  *Feldman as Tr. of Est. of Image Masters, Inc*., 2020 WL 618604, at *4 (quoting *400 Walnut Assocs., L.P. v. 4th Walnut Assocs., L.P*., Misc. No. 14-145, 2015 WL 390455, at *4 (E.D. Pa. Jan. 28, 2015)).  Overall, the Court finds concerns about forum shopping to be a neutral factor.

As for the timing of Defendants' request for withdrawal, the Court acknowledges that such request was made in a timely fashion.  However, "[a] District Court may consider a demand for a jury trial insufficient cause for discretionary withdrawal if the motion [for withdrawal of the bankruptcy court reference] is made at an early stage of the proceedings and dispositive motions

9

may resolve the matter. Courts have recognized that it serves the interests of judicial economy and efficiency to keep an action in Bankruptcy Court for the resolution of pre-trial, managerial matters, even if the action will ultimately be transferred to a district court for trial." *Pennsylvania Acad. of Music v. Regitz*, No. 10-14377, 2010 WL 4909952, at *2–3 (E.D. Pa. Nov. 30, 2010) (quoting *Williams v. Avnet, Inc. (In re Techs. Liquidations Co.*), No. 07–177, 2007 WL 1152518, at *1 (W.D. Pa. Apr.17, 2007).  On balance, this factor is not weighty enough to tip the scales in Defendants' favor.

In sum, the Court finds that Defendants have not met their burden of showing that withdrawal is the appropriate course of action at the present time.

### III.    Conclusion

Based upon the Court's consideration of all the foregoing factors, the Court will grant Plaintiff's motion to withdraw reference of the Adversary Proceeding to the Bankruptcy Court for purposes of trial only.  Defendants' motion for immediate withdrawal of the reference will be denied without prejudice such that Defendants may reassert their motion at a later point in time, prior to trial, should future circumstances so warrant.  In light of these rulings, Defendants' motion to dismiss the adversarial complaint will be dismissed without prejudice so that the motion may be reasserted in the Bankruptcy Court.

An appropriate order follows.

*[Signature]*

SUSAN PARADISE BAXTER
United States District Judge